IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :  Case No.: 7:20-CR-00051 (WLS-TQL) |
| | : |
| JATARYIA THOMAS and | : |
| JACQUELINE BOSBY, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

    Before the Court is a "Joint Motion to Continue in the Interest of Justice" filed by the parties in the above-styled action on December 27, 2021. (Doc. 54.) Therein, counsel for the Government and Defendants Bosby and Thomas ask that this Court continue this case to the next available trial term (*Id.*) This case is currently scheduled in the February 2022 trial term. The Parties explain that they are "on the cusp" of concluding negotiations that should resolve this case. (*Id.*) However, the Parties state that the process of determining an accurate amount of restitution that will ultimately be part of any Pretrial-Diversion resolution is taking additional time. (*Id.*) The Parties indicate that they "remain confident" that the case is on-track for resolution but ask for a continuance to allow for additional time to finalize the necessary negotiations and agreements in conjunction with the United States Probation Office. (*Id.*)

    The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendants counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendants' in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Joint Motion to Continue (Doc. 54) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendants continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the May 2022 trial term in Valdosta, Georgia, which begins May 9, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). Accordingly, the pretrial conference currently set for January 18, 2022 is **CANCELLED**.

**SO ORDERED**, this 6th day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**